# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CONSOLIDATED HORTICULTURE | ) | |
| GROUP LLC, | ) | Case No. 10-13308 |
| | ) | |
| Debtor. | ) | |
| | ) | |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW HINES PARENT | ) | Case No. 10-13309 |
| COMPANY, L.L.C. | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HINES NURSERIES, L.L.C. | ) | |
| | ) | Case No. 10-13310 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## MOTION OF THE DEBTORS FOR AN ORDER DIRECTING JOINT ADMINISTRATION OF THEIR RELATED CHAPTER 11 CASES

The above-captioned debtors (collectively, the "Debtors") hereby submit this Motion (the "Motion"), for the entry of an order directing joint administration of their related Chapter 11 cases. In support of this Motion, the Debtors respectfully state as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is section 363(b) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

## Background

4. On the date hereof (the "Petition Date"), each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases, and no committees have been appointed or designated. Concurrently with the filing of this Motion, the Debtors have requested procedural consolidation and joint administration of the Chapter 11 Cases.

5. The Debtors operate one of the largest commercial nursery operations in North America, producing and distributing one of the broadest assortments of ornamental shrubs, color plants and container-grown plants in the industry. The Debtors sell their green goods to more than 800 retail and commercial customers, representing more than 3,400 outlets throughout the United States, including premium local and regional garden centers, as well as leading national home centers and retailers, such as The Home Depot, Lowe's and Wal-Mart.

6. As of the Petition Date, the Debtors employed approximately 825 full-time employees and 75 part-time employees. The Debtors' employee base fluctuates seasonally

{N2194158.2}
DOCS_DE:164369.2

2

from a low of approximately 850 to a high of approximately 1,200 employees during the activity-intensive preparation and selling season from February to June (excluding temporary workers). None of the Debtors' employees are represented by a labor union. Hourly, salaried and contract labor comprise nearly 41% of the Debtors' production costs as of July 31, 2010. The Debtors produce approximately 5,100 varieties of ornamental shrubs, color plants, and container-grown plants grown primarily for outdoor use, most of which are sold under the Hines Nurseries ™ trade name. The Debtors operate eight nurseries located in Arizona, California, Oregon and Texas.

7. In 2009, the Debtors recorded net sales of approximately $123.5 million. In 2009, the Debtors reported approximately $173.8 million in total assets and approximately $64.4 million in total liabilities, including secured obligations under the Debtors' prepetition secured revolving and term credit facilities.

8. The factual background relating to the Debtors' commencement of these chapter 11 cases is set forth in detail in the *Declaration of Stephen Thigpen, President and Chief Executive Officer of the Debtors, in Support of First Day Motions* (the "First Day Declaration"), filed contemporaneously with this Motion and incorporated hereto by reference.

**Relief Requested**

9. By this Motion, the Debtors seek entry of an order directing joint administration of these Chapter 11 Cases for procedural purposes only. Specifically, the Debtors request that the Court maintain one file and one docket for all of the jointly-administered cases under the case of ***In re Consolidated Horticulture Group, LLC*, Case No. 10-13308,** and that the cases be administered under a consolidated caption, as follows:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **CONSOLIDATED HORTICULTURE** | ) | |
| **GROUP LLC, et al.,**[1] | ) | **Case No. 10-13308** |
| | ) | |
| **Debtors.** | ) | **(Jointly Administered)** |
| | ) | |

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: Consolidated Horticulture Group LLC (2698); New Hines Parent Company LLC (9355); Hines Nurseries LLC (2567). The location of the Debtors' headquarters and the service address for the Debtors is: 12621 Jeffrey Road, Irvine, California 92620.

10. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of *In re Horticulture Group, LLC*, Case No. 10-13308; *In re New Hines Parent Company, LLC*, Case No. 10-13309; and *In re Hines Nurseries, LLC*, Case No. 10-13310 to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of *In re Horticulture Group, LLC*, Case No. 10-13308; *In re New Hines Parent Company, LLC*, Case No. 10-13309; and *In re Hines Nurseries, LLC*, Case No. 10-13310, and all further pleadings and other papers shall be filed in, and all further docket entries shall be made in *In re Horticulture Group, LLC*, Case No. 10-13308.

### Basis for Relief

11. Bankruptcy Rule 1015(b) provides, in pertinent part, that "(i)f . . . two or more petitions are pending in the same court by or against. . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are

"affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

12. Section 105(a) of the Bankruptcy Code also provides this Court with the power to grant the relief requested herein by the Debtors. Section 105(a) states a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

13. In addition, Local Rule 1015-1 provides as follows:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administration burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

14. The entry of joint administration orders in multiple related cases is common and generally non-controversial in this district. *See, e.g., In re Xerium Technologies, Inc.*, Case 10-11031 (Bankr. D. Del. March 31, 2010); *In re ACG Holdings, Inc.*, Case No. 08-11467 (Bankr. D. Del. July 16, 2008); *In re Vertis Holdings, Inc.*, Case No. 08-11460 (Bankr. D. Del. July 16, 2008); *In re Tropicana Entm't, LLC*, Case No. 08-10856 (Bankr. D. Del. May 6, 2008); *In re Leiner Health Prods. Inc.*, Case No. 08-10446 (Bankr. D. Del. Mar. 12, 2008); *In re Wickes Holdings, LLC*, Case No. 08-10212 (Bankr. D. Del. Feb. 5, 2008); *In re Pope & Talbot, Inc.*, Case No. 07-111738 (Bankr. D. Del. Nov. 21, 2007); *In re Am. Home Mortgage Holdings, Inc.*, Case No. 07-11047 (Bankr. D. Del. Aug. 7, 2007); *In re Tweeter Home Entm't Group, Inc.*, Case

No. 10787 (Bankr. D. Del. June 13, 2007); *In re Dura Auto. Sys., Inc.*, Case No. 06-11202 (Bankr. D. Del. Oct. 31, 2006); *In re J.L. French Auto. Casting, Inc.*, Case No. 06-10119 (Bankr. D. Del. Feb. 13, 2006).

15. Joint administration in these Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings and orders that will arise in these Chapter 11 Cases will jointly affect both debtors. Entry of an order directing joint administration of these cases will permit the Debtors to reduce fees and costs in connection with the administration of these Chapter 11 Cases by avoiding the duplication of effort associated with, for example, filing multiple duplicative documents in the Debtors' individual cases, monitoring each of the Debtors' individual dockets and maintaining individual case files for each of the Debtors that will largely duplicate one another. In addition, the ability of parties in interest to monitor these cases will be facilitated by having all pleadings grouped together on one docket. Joint administration also will relieve the Court of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of the Chapter 11 Cases by the Office of the United States Trustee for the District of Delaware will be simplified.

16. The joint administration of these Chapter 11 Cases will not adversely affect the Debtors' respective creditors because this Motion requests only administrative, and not substantive, consolidation of the estates. For example, any creditor may still file a claim against a particular Debtor or its estate (or against both Debtors and their respective estates), intercompany claims among the Debtors will be preserved and the Debtors will maintain separate records of assets and liabilities. Thus, individual creditors' rights will not be harmed by

the relief requested; by contrast, rather, the constituents will benefit from the cost reductions associated with the joint administration of these cases.

## No Prior Request

17. No prior motion for the relief requested herein has been made to this or any other court.

## Notice

18. The Debtors have provided notice of this Motion to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) the agent for the Debtors' proposed postpetition secured lenders; and (c) the agents for the Debtors' prepetition secured lenders. As the Motion is seeking "first day" relief, within two business days of the hearing on the Motion, notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

WHEREFORE, for the reasons set forth herein and in the First Day Declaration, the Debtors respectfully request that the Court enter an order providing for the joint administration of the Debtors' Chapter 11 Cases.

Dated: October 12, 2010

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*

Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Joshua M. Fried (CA Bar No. 181541)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
email: ljones@pszjlaw.com
       dbertenthal@pszjlaw.com
       jfried@pszjlaw.com
       tcairns@pszjlaw.com

and

JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, L.L.P.
R. Patrick Vance (pro hac vice pending)
Elizabeth J. Futrell (pro hac vice pending)
Erica N. Beck (pro hac vice pending)
Mark A. Mintz (pro hac vice pending)
201 St. Charles Avenue, Suite 5100
New Orleans, Louisiana 70170
Telephone: 504-582-8000
Fax: 504-582-8011

[Proposed] Counsel for Debtors and Debtors in Possession