IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CONSOLIDATED HORTICULTURE | ) | |
| GROUP LLC, | ) | Case No. 10-13308 |
| | ) | |
| Debtor. | ) | |
| | ) | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW HINES PARENT | ) | Case No. 10-13309 |
| COMPANY, L.L.C. | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HINES NURSERIES, L.L.C. | ) | |
| | ) | Case No. 10-13310 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## ORDER DIRECTING JOINT ADMINISTRATION OF THE RELATED CHAPTER 11 CASES

Upon the motion (the "Motion")[1] of the above-captioned debtors (collectively, the "Debtors") for the entry of an order (the "Order") directing joint administration of their related cases and the First Day Declaration; it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; the Court having jurisdiction

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED

1. The Motion is granted as provided herein.

2. The Chapter 11 cases shall hereby be jointly administration of these Chapter 11 Cases for procedural purposes only in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

3. The Court maintain one file and one docket for all of the jointly-administered cases under the case of *In re Consolidated Horticulture Group, LLC*, **Case No. 10-13308**, and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| In re: | ) | Chapter 11 |
|---|---|---|
| | ) | |
| **CONSOLIDATED HORTICULTURE** | ) | |
| **GROUP LLC,** *et al.,*[1] | ) | Case No. 10-13308 |
| | ) | |
| **Debtors.** | ) | (Jointly Administered) |
| | ) | |

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: Consolidated Horticulture Group LLC (2698); New Hines Parent Company LLC (9355); Hines Nurseries LLC (2567). The location of the Debtors' headquarters and the service address for the Debtors is: 12621 Jeffrey Road, Irvine, California 92620.

4. A docket entry, substantially similar to the following, shall be entered on the docket of each of *In re Horticulture Group, LLC*, **Case No. 10-13308**; *In re New Hines Parent Company, LLC*, **Case No. 10-13309**; and *In re Hines Nurseries, LLC*, **Case No. 10-13310** to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered directing the procedural consolidation and joint administration of the chapter 11 cases of *In re Horticulture Group, LLC*, **Case No. 10-13308**; *In re New Hines Parent Company, LLC*, **Case No. 10-13309**; and *In re Hines Nurseries, LLC*, **Case No. 10-13310**, and all further pleadings and other papers shall be filed in, and all further docket entries shall be made in *In re Horticulture Group, LLC*, **Case No. 10-13308.**

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: October ___, 2010

_____
United States Bankruptcy Judge