IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) <br> ) <br> CONSOLIDATED HORTICULTURE ) <br> GROUP LLC *et al.*,[1] ) <br> ) <br> Debtors. ) <br> ) | Chapter 11 <br><br> Case No. 10-13308 (CSS) <br><br> Joint Administration Requested <br><br> Related Docket No. 13 |

## ORDER AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO PAY CERTAIN PREPETITION (A) WAGES, SALARIES, BONUSES AND OTHER COMPENSATION, (B) REIMBURSABLE EMPLOYEE EXPENSES AND (C) EMPLOYEE MEDICAL AND SIMILAR BENEFITS

Upon the motion (the "Motion")[2] of the above-captioned debtors (collectively, the "Debtors") for the entry of (i) an order (the "Order") authorizing, but not directing, the Debtors to pay certain prepetition (a) Unpaid Compensation, (b) Temporary Workers Compensation, (c) payroll deductions, including, without limitation, the Deductions and the Payroll Taxes, (d) Reimbursable Expenses, (e) accrued cash amounts for the Commissions Program, and (f) amounts accrued in relation to the Employee Benefit Programs, and (ii) an order authorizing and directing the applicable banks and financial institutions to honor and pay all checks and transfers associated with the foregoing; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334;

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: Consolidated Horticulture Group LLC (2698); New Hines Parent Company LLC (9355); and Hines Nurseries LLC (2567). The location of the Debtors' headquarters and the service address for the Debtors is: 12621 Jeffrey Road, Irvine, California 92620.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

{N2193959.1}
DOCS_DE:164371.4

consideration of the Motion and the First Day Declaration, and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Debtors are authorized, but not directed, to honor and pay the prepetition obligations related to Employee Wages and Benefits and Commissions, in accordance with the Debtors' policies in the ordinary course of business, pursuant to sections 507(a), 363(b) and 105(a) of the Bankruptcy Code, subject to the following caps:

| | |
|---|---|
| Unpaid Compensation | $1,300,000 |
| Temporary Workers Compensation | $800,000 |
| Reimbursable Expenses | $100,000 |
| Payroll Services | $50,000 |
| Employer Tax Obligations | $600,000 |
| Commissions | $175,000 |
| Health Plans | $400,000 |
| Life Insurance AD&D Insurance Premiums | $15,000 |
| Hartford Policy premiums and State Insurance Monthly Premiums | $250,000 |
| Old Workers Compensation Claims | $900,000 |
| Short-Term Disability Benefit premiums | $5,000 |
| Flexible Benefit Plan administrative expenses | $1,500 |
| Travel Accident insurance premiums | $4,000 |

and it is further;

ORDERED that, notwithstanding any other provision of this Order, no payments to any individual employee shall exceed the amounts set forth in 11 USC section 507(a)(4) and (a)(5), except upon further order of this Court, provided, however, that the Debtors are authorized, but

not directed, to pay up to $16,129 in prepetition Unpaid Compensation and prepetition Commissions to the Employee described in paragraph 24 of the Motion; and it is further

ORDERED that, notwithstanding any other provision of this Order, no payments which implicate 11 USC section 503(c) may be made, except upon further order of this Court; and it is further

ORDERED that the Debtors are authorized, but not directed, to continue to honor their Vacation Time, Sick Leave and Leaves of Absence policies in the ordinary course of business, and to honor (but not pay) any prepetition amounts related thereto; and it is further

ORDERED that the Debtors and any other third parties administering withholding obligations on behalf of the Debtors, are authorized, but not directed, to make payments to applicable third parties with respect to any withholding obligations, including the Deductions Payroll Taxes, and Withheld Amounts, as set forth in the Motion, and the costs associated therewith, in accordance with the Debtors' ordinary course of business and policies; and it is further;

ORDERED that in accordance with this Order and any other order of this Court, the banks and financial institutions at which the Debtors maintain their accounts are authorized to honor all fund transfer requests made by the Debtors related hereto, to the extent that sufficient funds are on deposit in such accounts; and it is further

ORDERED that the Debtors are authorized to pay all processing and administrative fees associated with the prepetition amounts with respect to the Employee and Wage Benefits, and any other programs set forth in the Motion; and it is further

ORDERED that nothing in the Motion or this Order shall be construed as impairing the Debtors' rights to contest the validity or amount of any prepetition amounts with respect to the Employee and Wage Benefits; and it is further

ORDERED that nothing in the Motion shall be deemed a request by the Debtors for authority to assume, and nothing in this Order shall be deemed authorization to assume, any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code or create an administrative obligation for any prepetition wages or benefits; and it is further;

ORDERED that the requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice; and it is further

ORDERED that, notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(h), 7062, 9014, or otherwise, the terms and conditions of this order shall be immediately effective and enforceable upon its entry; and its is further

ORDERED the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

ORDERED that notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained hereunder shall be subject to the requirements and limitations imposed on the Debtors under the Revolving Loan Promissory Note dated as of October 12, 2010, by and among the Debtors and Black Diamond Finance, LLC as administrative agent and the other lenders party thereto (including, without limitation, the Budget

attached as Exhibit B thereto) or any subsequent approved debtor in possession financing facility; and it is further

ORDERED that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: October 14, 2010

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

{N2193959.1}
DOCS_DE:164371.4

5