IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> CONSOLIDATED HORTICULTURE GROUP LLC, *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 10-13308 (CSS) <br><br> Joint Administration Requested <br><br> Related Docket No. 96 |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 363 AUTHORIZING AND APPROVING THE RETENTION OF FTI CONSULTING, INC. TO PROVIDE RESTRUCTURING SERVICES TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon consideration of the motion (the "Motion") of the above captioned debtors and debtors in possession (collectively, the "Debtors"),[2] for entry of an order pursuant to sections 105(a) and 363 of Title 11 of the United States Code (the "Bankruptcy Code"), authorizing and approving the retention of FTI Consulting, Inc. ("FTI") to provide restructuring services to the Debtors, including through the provision of Mr. Sandeep Gupta ("Mr. Gupta") as the Debtors' Chief Restructuring Officer ("CRO"), *nunc pro tunc* to the Petition Date; and upon the Declaration of Michael Buenzow in support of the Motion, attached as **Exhibit A** to the Motion; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and upon the record herein; and it appearing that the relief requested by the Motion is in the best interest of the Debtors' estates, the Debtors' creditors and other parties-in-interest; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: Consolidated Horticulture Group LLC (2698); New Hines Parent Company LLC (9355); and Hines Nurseries LLC (2567). The location of the Debtors' headquarters and the service address for the Debtors is: 12621 Jeffrey Road, Irvine, California 92620.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

1. The Motion is GRANTED, as provided herein.

2. Pursuant to sections 105(a) and 363 of the Bankruptcy Code, the Debtors are authorized to employ and retain FTI to provide restructuring services to the Debtors and to employ and retain Mr. Gupta as the Debtors' CRO, *nunc pro tunc* to the Petition Date, on the terms set forth in the Motion and the Engagement Letter, subject to the limitations set forth herein.

3. The Engagement Letter is hereby approved, subject to the limitations set forth herein.

4. FTI shall file with the Court with copies to the United States Trustee ("U.S. Trustee") and all official committees a report of staffing on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed.

5. FTI shall be entitled to compensation and reimbursement of expenses in accordance with the terms of the Engagement Letter without further order of the Court; and the Debtors are hereby authorized to pay, in the ordinary course of their business, all reasonable amounts invoiced by FTI for fees and expenses; provided, however, that FTI shall file with the Court Quarterly Reports of compensation, as described in the Motion, containing reasonably detailed time entries relating to work performed, and shall summarize the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred; provided further, that parties-in-interest shall have the right to object to the fees and expenses paid when the Quarterly Reports of compensation are filed with the Court; and provided further, that any such objection shall be filed within 20 days of the filing

of the Quarterly Report to which it relates and all compensation shall be subject to review by the Court in the event an objection is filed.

6. FTI is authorized to maintain possession of the Retainer and to apply it to its fees and expenses in accordance with the Engagement Letter and the compensation procedures set forth herein.

7. Notwithstanding anything contained in the Motion, the supporting declaration(s)/affidavit(s) and/or the Engagement Letter to the contrary, FTI's engagement is subject to the following terms:

    (a) FTI and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned bankruptcy cases.

    (b) In the event the Debtors seek to have FTI personnel assume additional or different executive positions than the positions disclosed in the Motion, to modify materially the functions of the person engaged, and/or to materially alter or expand the scope of the engagement, FTI shall disclose such additional executive positions and/or material changes in function or scope in its Quarterly Report, and a motion to modify the retention shall be filed.

    (c) The Quarterly Report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event that an objection is filed.

    (d) No principal, employee or independent contractor of FTI and its affiliates shall serve as a director of any of the above-captioned Debtors during the pendency of the above-captioned cases.

    (e) Success fees, transaction fees or other "back-end" fees, including any Completion Fee payable by any Debtor shall be approved by the Court at the conclusion of these cases on a reasonableness standard and are not being pre-approved by entry of this Order. Parties-in-interest, including the Official Committee of Unsecured Creditors appointed in these cases and the U.S. Trustee, shall have the right to object to any success fee, transaction fee or back-end fee, including any Completion Fee sought by FTI. No success fee, transaction fee or back-end fee, including any Completion Fee shall be sought upon conversion of these cases, dismissal of these cases for cause or appointment of a trustee.

(f)         The Debtors are permitted to indemnify those person serving as corporate officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policy. The Debtors shall not provide indemnification to FTI, or any of its subsidiaries, affiliates or agents. The second and third paragraphs under the heading "Limitation of Liability" in the Engagement Letter, and paragraphs 6.1 and 6.2 of the Standard Terms and Conditions of the Engagement Letter, are hereby superseded by the provisions of this Order.

(g)         FTI shall waive and shall not seek to collect the $6 per hour fee set forth in the Engagement Letter for unallocated expenses such as administrative support and other overhead expenses.

(h)         The Engagement Letter shall be governed by and interpreted in accordance with the laws of the State of Delaware. During the pendency of the Debtors' bankruptcy case, the United States Bankruptcy Court for the District of Delaware shall have exclusive jurisdiction in relation to any claim, dispute or difference concerning the Engagement letter and any matter arising from it. The provisions of paragraph 7 of the Standard Terms and Conditions of the Engagement Letter are hereby superseded by the provisions of this Order.

(i)         FTI personnel serving as corporate officers of the Debtors shall be subject to the same fiduciary duties and obligations applicable to other persons serving in such capacity.

(j)         For a period of three years after the conclusion of FTI's engagement by the Debtors, neither FTI nor any affiliate of FTI shall make an investment in the Debtors or reorganized Debtors.

(k)         FTI shall make appropriate disclosures of any and all facts that may have a bearing on whether FTI, its affiliates, and/or any individuals working on the engagement have any conflict of interest with, or hold/represent a material adverse interest to, the Debtor(s), their creditors, or other parties in interest. Disclosures shall be supplemented on a timely basis as needed throughout the engagement.

8.     The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

9.     Notwithstanding Bankruptcy Rule 6004(h) or any other provisions of the Bankruptcy Rules to the contrary, the terms and conditions of this Order shall be immediately effective upon its entry.

10. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: ~~December~~ 11/29, 2010

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge