IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CONSOLIDATED HORTICULTURE | ) | Case No. 10-13308 (CSS) |
| GROUP LLC, et al.,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Related Docket No. 157** |

**ORDER (A) APPROVING BIDDING PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE SALE AND APPROVE THE FORM AND MANNER OF NOTICE RELATED THERETO; (C) ESTABLISHING PROCEDURES RELATING TO THE ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS; AND (D) GRANTING OTHER RELATED RELIEF**

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an Order (a) approving certain bidding procedures in connection with the sale of the Debtors' assets; (b) scheduling an auction and hearing to consider the sale and approve the form and manner of notice related thereto; (c) establishing procedures relating to the assumption and assignment of certain contracts, including notice of proposed cure amounts; and (d) granting other related relief,[2] and it appearing that the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(a); the Court having considered the Motion; and it appearing that the relief requested in the Motion, is in the best interests of the Debtors'

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: Consolidated Horticulture Group LLC (2698); New Hines Parent Company LLC (9355); Hines Nurseries LLC (2567). The location of the Debtors' headquarters and the service address for the Debtors is: 12621 Jeffrey Road, Irvine, California 92620.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed thereto in the Motion.

bankruptcy estates, their creditors and other parties-in-interest; and after due deliberation and sufficient cause appearing therefor;

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:

A.  Notice of the Motion was adequate and sufficient under the circumstances of these chapter 11 cases, and such notice complied with all applicable requirements of title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules.

B.  All objections to the relief requested in the Motion that have not been withdrawn, waived or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled except as otherwise set forth herein.

C.  The bidding procedures attached hereto as **Exhibit 1** (the "Bidding Procedures") are reasonable and appropriate under the circumstances of these chapter 11 cases. The Debtors are authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

D.  The Notice of Bidding Procedures, Auction Date and Sale Hearing, substantially in the form attached hereto as **Exhibit 2** (the "Sale and Bidding Procedures Notice"), the Notice of Auction and Sale Hearing, substantially in the form attached hereto as **Exhibit 3** (the "Creditor Notice"), and the notice substantially in the form attached hereto as **Exhibit 4** to be served on counterparties to the Assumed Contracts (the "Cure Notice"), are each calculated to provide adequate notice concerning the proposed sale of the Assets and the proposed assumption and assignment of the Assumed Contracts, as contemplated in the proposed Agreement, that are

2

the property of the Debtors, and are intended to provide due and adequate notice of the relief sought in the Sale Motion.

E. The entry of this Order is in the best interests of the Debtors, their estates, creditors and other parties in interest.

IT IS HEREBY ORDERED THAT:

1. The relief requested in the Motion, as modified hereby, is granted as set forth in this Order.

2. The Bidding Procedures are approved in their entirety, and are incorporated into this Order and shall apply to the proposed sale of the Assets.

3. The Debtors are authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

4. The proposed sale of the Assets, the proposed assumption and assignment of the Assumed Contracts, and the Auction shall be conducted in accordance with the provisions of this Order and the Bidding Procedures.

5. The Sale and Bidding Procedures Notice attached hereto as **Exhibit 2**, the Creditor Notice attached hereto as **Exhibit 3**, and the Cure Notice attached hereto as **Exhibit 4** provide proper notice to all parties in interest and are approved in substantially the form attached.

6. Within three (3) business days following entry of this Order, the Debtors shall serve by first class mail the Sale and Bidding Procedures Notice on the following parties: (a) the U.S. Trustee; (b) counsel to the DIP Agent, the ABL Agent, the Term Loan Agent, the Sub Loan Agent and the Committee; (c) all parties known to be asserting a lien on any of the Assets and

who would appear as potentially holding a lien on any search conducted to determine who asserts a lien on the Debtors' assets; (d) all known counterparties to the Assumed Contracts; (e) all entities known to have expressed an interest in bidding on the Assets; (f) the United States Attorney's office; (g) all state attorney generals in states in which the Debtors do business; (h) state taxing authorities in the states in which the Debtors do business and the Internal Revenue Service; (i) environmental authorities in the states or smaller applicable jurisdictions in which the Debtors do business; and (j) all other parties that had filed a notice of appearance and demand for service of papers in these bankruptcy cases under Bankruptcy Rule 9010(b) as of the date of entry of this Order.

7. Within three (3) business days following entry of this Order, the Debtors shall serve the Creditor Notice on all known creditors of the Debtors. Except as set forth in this and the foregoing paragraph of this Order, no other or further notice of the sale shall be required to be provided by the Debtors.

8. Within three (3) business days following entry of this Order, the Debtors shall file and serve the Cure Notice on the counterparties to the Assumed Contracts, <u>provided, however</u> that the Debtors may designate an executory contract or unexpired lease as an Assumed Contract within ten (10) calendar days prior to the Sale Hearing. Counterparties to the Assumed Contracts[3] (each a "Counterparty," and together, the "Counterparties") must file and serve any objection to the assumption and assignment of any Assumed Contract, including objections to

---

[3] The inclusion of any agreement as an Assumed Contract does not constitute an admission by the Debtors that such agreement actually constitutes an executory contract or unexpired lease under section 365 of the Bankruptcy Code, and the Debtors expressly reserve the right to challenge the status of any agreement included as an Assumed Contract.

4
15341-001\DOCS_DE:165937.4

any Cure Cost, by the later of **February 21, 2011 at 4:00 p.m. (Eastern time)**, or the date that is seven (7) days after a Counterparty is served with notice that its executory contract or unexpired lease has been designated as an Assumed Contract.

9. Any Counterparty failing to timely file an objection to the Cure Amount set forth in the Cure Notice shall be deemed to consent to the assumption and assignment of the Assumed Contract and forever barred from objecting to the Cure Costs and from asserting any additional cure or other amounts against the Debtors, their estates, and the Successful Bidder with respect to the Assumed Contract to which it is a Counterparty. Notwithstanding anything to the contrary, no executory contract or unexpired lease will be assumed unless and until the occurrence of the closing.

10. Any other objection to any of the relief to be requested at the Sale Hearing must be in writing, state the basis of such objections with specificity and shall be filed with the Court (with a courtesy copy to Chambers) on or before **February 21, 2011, at 4:00 p.m. (Eastern Time)**, and serve such objection in accordance with the Sale and Bidding Procedures Notice so as to be received by such date and time by on the Notice Parties and the Office of the United States Trustee.

11. Compliance with the foregoing notice provisions shall constitute sufficient notice of the Debtors' proposed Sale of the Assets free and clear of all liens, claims, interests and encumbrances, the contemplated assumption and assignment of each Assumed Contract and the proposed amount of Cure Costs with respect to each such Assumed Contract, and no additional notice of such contemplated transactions need be given.

5

15341-001\DOCS_DE:165937.4

12. If the Debtors receive more than one Qualified Bid (as defined in the Bidding Procedures), an auction (the "Auction") shall be held on **February 25, 2011, at 10:00 a.m. (Eastern Time)**, at the offices of Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19899, or at any such other location as the Debtors may hereafter designate.

13. Counsel to the Debtors are authorized to hold and conduct the Auction in accordance with the Bidding Procedures.

14. The Sale Hearing shall be conducted on **February 28, 2011, at 11:00 a.m. (Eastern Time)**, and may be adjourned from time to time without further notice other than an announcement in open court at the Sale Hearing.

15. Notwithstanding any credit bid by the Debtors' prepetition secured lenders, such credit bid shall not prejudice or impair the rights granted to the Official Committee of Unsecured Creditors under paragraph 14(b) of the Final Order (I) Authorizing Debtors (A) To Obtain Postpetition Financing Pursuant To 11 U.S.C. §§ 364(c)(1), 364 (c)(2), 364(c)(3), 364(d)(1) and 364(e), And (B) To Utilize Cash Collateral Pursuant To 11 U.S.C. § 363, (II) Granting Adequate Protection To Prepetition Secured Parties Pursuant To 11 U.S.C. §§ 361, 363 and 364, And (III) Scheduling A Final Hearing Pursuant To Bankruptcy Rules 4001(b).

16. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h) and 7062 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and no automatic stay of execution shall apply to this Order.

17. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: **12/17**, 2010

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

15341-001\DOCS_DE:165937.4