IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CONSOLIDATED HORTICULTURE GROUP LLC, et al.,[1] | ) Case No. 10-13308 (CSS) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

Hearing Date: January 25, 2011 at 2:00 p.m. (ET)
Objection Deadline: January 18, 2011 at 4:00 p.m. (ET)

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 327(A) AND FED. R. BANKR. P. 2014(A) AND 2016 AUTHORIZING THE EMPLOYMENT AND RETENTION OF KIECKHAFER, SCHIFFER & COMPANY, LLP AS TAX ADVISORS AND ACCOUNTANTS TO THE DEBTORS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this application (this "Application") for an order pursuant to section 327(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Fed. R. Bankr. P. 2014(a), and 2016 authorizing the employment and retention of Kieckhafer, Schiffer & Company, LLP ("Kieckhafer") as tax advisors and accountants to the Debtors. In support of the relief sought in the Application, the Debtors submit the declaration of Clark Dunn, a partner of Kieckhafer (the "Dunn Declaration"), attached as Exhibit A and incorporated herein by reference. In further support of the Application, the Debtors respectfully states as follows:

**Jurisdiction**

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C.

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: Consolidated Horticulture Group LLC (2698); New Hines Parent Company LLC (9355); Hines Nurseries LLC (2567). The location of the Debtors' headquarters and the service address for the Debtors is: 12621 Jeffrey Road, Irvine, California 92620.

§ 157(b)(2)(A) and (O). Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is section 327(a) of the Bankruptcy Code and Fed. R. Bank. P. 2014(a).

## Background

2. On October 12, 2010 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases. On October 26, 2010, the Office of the United States Trustee formed an Official Committee of Unsecured Creditors and appointed three members thereto (the "Creditors Committee").

3. The Debtors operate one of the largest commercial nursery operations in North America, producing and distributing one of the broadest assortments of ornamental shrubs, color plants and container-grown plants in the industry. The Debtors sell their green goods to more than 800 retail and commercial customers, representing more than 3,400 outlets throughout the United States, including premium local and regional garden centers, as well as leading national home centers and retailers, such as The Home Depot, Lowe's and Wal-Mart.

4. As of the Petition Date, the Debtors employed approximately 825 full-time employees and 75 part-time employees. The Debtors' employee base fluctuates seasonally from a low of approximately 850 to a high of approximately 1,200 employees during the activity-intensive preparation and selling season from February to June (excluding temporary workers). None of the Debtors' employees are represented by a labor union. Hourly, salaried

and contract labor comprise nearly 41% of the Debtors' production costs as of July 31, 2010. The Debtors produce approximately 5,100 varieties of ornamental shrubs, color plants, and container-grown plants grown primarily for outdoor use, most of which are sold under the Hines Nurseries TM trade name. The Debtors operate eight nurseries located in Arizona, California, Oregon and Texas.

5. In 2009, the Debtors recorded net sales of approximately $123.5 million. In 2009, the Debtors reported approximately $173.8 million in total assets and approximately $64.4 million in total liabilities, including secured obligations under the Debtors' prepetition secured revolving and term credit facilities.

6. The factual background relating to the Debtors' commencement of these chapter 11 cases is set forth in detail in the *Declaration of Stephen Thigpen, President and Chief Executive Officer of the Debtors, in Support of First Day Motions*, filed on the Petition Date and incorporated here by reference.

## Relief Requested

7. By this Application, the Debtors seek to employ and retain Kieckhafer pursuant to section 327(a) of the Bankruptcy Code during the chapter 11 cases, as more fully described below. The Debtors respectfully request that the Court enter an order, substantially in the form of the attached Exhibit B, pursuant to section 327 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1, authorizing the Debtors to employ and retain Kieckhafer as tax advisors and accountants in these cases.

8. The Debtors believe that the proposed Tax Services (as defined and described more fully below) are necessary to enable the Debtors to maximize the value of their

estates. Kieckhafer has indicated a willingness to act on behalf of the Debtors and to subject itself, for the purposes of the provision of the services described below, to the jurisdiction and supervision of the Court.

### Kieckhafer's Disinterestedness

9. To the best of the Debtors' knowledge, and as disclosed herein and in the Dunn Declaration, (a) Kieckhafer is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, and holds no interest adverse to the Debtors or their estates for the matters for which Kieckhafer is to be employed and (b) Kieckhafer has no connection to the Debtors, their creditors or their related parties except as disclosed in the Dunn Declaration.

10. If Kieckhafer discovers additional material information that it determines requires disclosure, it will file a supplemental disclosure promptly with this Court.

### Qualifications of Kieckhafer and Scope of Services

11. Because of Kieckhafer's (a) experience and knowledge in providing services of the nature for which Kieckhafer's retention is sought in these chapter 11 cases, and (b) familiarity with the Debtors' business and affairs, the Debtors' management believes that Kieckhafer is uniquely qualified to serve the Debtors in these chapter 11 cases in an efficient and cost-effective manner.

12. The Debtors and Kieckhafer have entered into a Master Services Agreement and Project Addendum (the "Engagement Letter"), dated December 9, 2010, as amended, regarding the Tax Services, which is attached as Exhibit C.

13. Subject to the terms of the Engagement Letter, Kieckhafer will provide the certain tax services, including without limitation: (a) preparing the Debtors' federal and state income tax extensions, quarterly estimates and returns for the tax years ended December 31, 2010 (b) providing the Consulting Services set forth in the Engagement Letter, including providing assistance to the Debtors with assistances with tax issues and transactional issues, as well as assisting the Debtors with their dealings with taxing authorities (collectively, the "Tax Services").

14. Kieckhafer, at the request of the Debtors, may also render additional related support deemed appropriate and necessary to the benefits of the Debtors' estates. The Debtors believe that the Tax Services described above are necessary to enable the Debtors to meet their tax-related obligations and successfully operate their businesses. The Debtors also believe that the Tax Services will not duplicate the services that, subject to this Court entering or having entered appropriate orders, other professionals may provide to the Debtors in the Chapter 11 Cases. Kieckhafer will use reasonable efforts to coordinate with the Debtors' other retained professionals to avoid unnecessary duplication of services.[1]

### Terms of Retention

15. Subject to the terms of the Engagement Letter, Kieckhafer's fees in connection with the Tax Services will be based upon the time that Kieckhafer necessarily spends

---

[1] The Engagement Letter also contemplates that Kieckhafer will provide Tax Services for certain non-debtor entities affiliated with the Debtors: (a) Winters Forest Grove Parent LLC; (b) Winters Forest Grove LLC; (c) New Blooming Farm LLC; (d) Blooming Farm, Inc.; and (e) BD Bordiers Holdco. The Debtors intend to pay for the Tax Services for these non-debtor entities under the terms of the Engagement Letter because those entities do not have available funds to do so themselves, and, prepetition, the Debtors paid for such services in the ordinary course of business. These amounts are de minimus and the Debtors believe that failure to provide these additional services will cause disruption and additional expenses incurred to the estates if these entities fail to fulfill their obligations to comply with their respective tax filing obligations with the appropriate taxing jurisdictions.

in providing the Tax Services to the Debtors, multiplied by its hourly rates. Kieckhafer will charge the following normal hourly rates for the provision of the Tax Services:

| Classification | Hourly Billing Rate |
| --- | --- |
| Partner | $ 330 – 410 |
| Manager | $ 210 – 255 |
| Senior | $ 140 – 185 |
| Staff | $  75 – 135 |

16. In the normal course of business, Kieckhafer revises its regular hourly billing rates to reflect changes in responsibilities, increased experience, and increased costs of doing business. Accordingly, the Debtors request that Kieckhafer be permitted to revise the aforementioned rates to the hourly billing rates that will be in effect from time to time. Changes in regular hourly billing rates will be noted by Kieckhafer on the invoices for the first time period in which the revised rates became effective.

17. Kieckhafer will seek compensation and reimbursement of expenses in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, the Local Bankruptcy Rules and any orders of this Court, including without limitation, the *Administrative Order Establishing Procedures for Interim Compensation Pursuant to Section 331 of the Bankruptcy Code* [Docket No. 94].

18. Kieckhafer will maintain reasonably detailed records of any actual and necessary costs and expenses incurred in connection with the aforementioned services.

19. Kieckhafer provided services to the Debtors prior to the Petition Date. As of the Petition Date, $0 was due and owing from the Debtors to Kieckhafer in respect of services provided prior to such date. Further, Kieckhafer has received no retainers from the Debtors in respect of any services it may in the future provide to the Debtors.

20. The Engagement Letter contains a limitation of liability. Notwithstanding the Application or the Engagement Letter, the provision limiting liability shall not apply to any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Kieckhafer's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of Kieckhafer's contractual obligations unless the Court determines that a limitation of liability would be permissible pursuant to <u>In re United Artists Theatre Co.</u>, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which Kieckhafer should not receive a limitation of liability under the terms of the Engagement Letter as modified by the Order.

21. The Engagement Letter also contains an arbitration provision. Kieckhafer is not seeking enforcement of the arbitration provision for any dispute arising out of the terms of the Engagement Letter or the Tax Services.

22. To the extent that any terms of the Engagement Letter are inconsistent with the Application, the Application shall control.

### Notice

23. Notice of this motion has been given to the following parties or their counsel, if known: to (i) the Office of the United States Trustee, (ii) the Debtors' prepetition and postpetition secured lenders, (iii) the counsel for the Creditors' Committee, and (iv) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

## No Prior Request

24. No prior Application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto, authorizing the employment and retention of Kieckhafer as tax advisors pursuant to the terms of this Application, the Dunn Declaration, and the Engagement Letter; and grant such further relief as is just and proper.

Dated: January 3, 2011

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Curtis A. Hehn
Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Joshua M. Fried (CA Bar No. 181541)
Curtis A. Hehn (Bar No. 4264)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
email: ljones@pszjlaw.com
dbertenthal@pszjlaw.com
jfried@pszjlaw.com
chehn@pszjlaw.com
tcairns@pszjlaw.com

Counsel for Debtors and Debtors in Possession