# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CONSOLIDATED HORTICULTURE GROUP LLC, *et al.*,[1] | ) ) ) | Case No. 10-13308 (CSS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**DECLARATION OF CLARK DUNN IN SUPPORT OF THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 327(A) AND FED. R. BANKR. P. 2014(A) AND 2016 AUTHORIZING THE EMPLOYMENT AND RETENTION OF KIECKHAFER, SCHIFFER & COMPANY, LLP AS TAX ADVISORS AND ACCOUNTANTS TO THE DEBTORS**

Clark Dunn being duly sworn, deposes and says:

1. I am a partner of the firm of Kieckhafer, Schiffer & Company, LLP ("Kieckhafer"), which has an office located at 6201 Oak Canyon, Suite 200, Irvine, California 92618. I make this declaration in support of the Application for Entry of an Order Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a), and 2016 Authorizing the Employment and Retention of Kieckhafer, Schiffer & Company, LLP as Tax Advisors and Accountants to the Debtors (the "Application"). The above captioned debtors (the "Debtors") seek to retain Kieckhafer pursuant to the terms and conditions set forth in the Engagement Letter (as defined in the Application).

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: Consolidated Horticulture Group LLC (2698); New Hines Parent Company LLC (9355); Hines Nurseries LLC (2567). The location of the Debtors' headquarters and the service address for the Debtors is: 12621 Jeffrey Road, Irvine, California 92620.

2. The statements set forth in this Declaration are based upon my personal knowledge, upon information and belief, and upon client matter records kept in the ordinary course of business that were reviewed by me or other personnel of Kieckhafer or its affiliates.

3. Except as set forth herein, to my knowledge based on reasonable inquiry, (1) Kieckhafer, and the partners, principals, and directors of Kieckhafer (the "Kieckhafer Partners/Directors") that are anticipated to provide the tax services, do not hold or represent any interest adverse to any of the Debtors with respect to the matters on which Kieckhafer is to be retained in these Chapter 11 cases, and (2) Kieckhafer and the Kieckhafer Partners/Directors have no relationship to any of the Debtors, any of the Debtors' significant creditors, other known parties-in-interest in these chapter 11 cases, or to the Debtors' attorneys that are known to be assisting the Debtors in these chapter 11 cases, except as set forth herein.

4. Kieckhafer and its affiliates may currently provide services to certain creditors of the Debtors and various other parties potentially adverse to the Debtors in matters unrelated to these chapter 11 cases.

5. As described below, Kieckhafer has undertaken a search to determine, and to disclose, whether it or its affiliates is or has been employed by or has other relationships with any of the Debtors or their affiliates, subsidiaries, directors or officers, or any of the Debtors' significant creditors, or other entities with significant relationships with the Debtors identified on a schedule provided to Kieckhafer. Kieckhafer and its affiliates have or may have provided professional services to, currently provide or may currently provide professional services to, and may in the future provide professional services in matters unrelated to these

chapter 11 cases to certain of the Debtors' creditors, other parties-in-interest, or to attorneys and accountants that are known to us to be assisting the Debtors or various committees.

6. Kieckhafer provided prepetition tax services to the Debtors. Kieckhafer received $16,869.75 from the Debtors in the ninety days prior to October 12, 2010 (the "Petition Date"). Subject to approval of the Application, Kieckhafer has agreed not to seek recovery of amounts due and owing, if any, for prepetition services.

7. To check upon and disclose possible relationships with parties-in-interest in these chapter 11 cases, Kieckhafer researched its client databases and performed reasonable due diligence to determine whether it or its affiliates had any relationships with any of the Debtors or their affiliates, subsidiaries, directors or officers, or any of the Debtors' significant creditors, equity security holders, professionals or other such entities with significant relationships with the Debtors. The identities of these parties in interest were provided to Kieckhafer by counsel to the Debtors.

8. From this internal search, Kieckhafer has determined at this time that it has no connections with parties-in-interest in these Chapter 11 cases that would require disclosure.

9. Despite the efforts described above to identify and disclose Kieckhafer's connections with the parties-in-interest in these Chapter 11 cases, because Kieckhafer is unable to state with certainty that every client relationship or other connection has been disclosed. In this regard, if Kieckhafer discovers additional material information that it determines requires disclosure, it will file a supplemental disclosure promptly with the Court.

10. Except as may be disclosed herein, to the best of my knowledge, Kieckhafer and the Kieckhafer Partners/Directors do not hold or represent any interest adverse to the Debtors, and I believe that Kieckhafer and the Kieckhafer Partners/Directors are "disinterested persons" as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code.

11. Subject to the terms of the Engagement Letter, Kieckhafer proposes to render, as may be requested by the Debtors and as may be agreed to by Kieckhafer, are as follows:

   a. preparation of the Debtors' federal and state income tax extensions, quarterly estimates and returns for the tax years ended 2010 and 2011;

   b. assist with state and federal tax inquiries; and

   c. as may be agreed to by Kieckhafer, rendering other tax services, as the Debtors, their attorneys, or financial advisors may from time to time request.

12. Kieckhafer has significant qualifications and experience in performing the scope of work described above that is the subject of Kieckhafer's retention to provide post-petition services to the Debtors.

13. Kieckhafer intends to apply to the Court for allowance of compensation and reimbursement of expenses consistent with the terms of the Engagement Letter, the Application and this Declaration, the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court of the District of Delaware, the United States Trustee Guidelines and the Orders of this Court.

14. Subject to the terms of the Engagement Letter, Kieckhafer will charge hourly rates in performing the aforementioned services. Kieckhafer will charge the following hourly rates for the provision of the Tax Services:

| *Classification* | *Hourly Billing Rate* |
|---|---|
| Partner | $ 330 – 410 |
| Manager | $ 210 – 255 |
| Senior | $ 140 – 185 |
| Staff | $ 75 – 135 |

15. In the normal course of business, Kieckhafer may revise the hourly rates set forth above to reflect changes in responsibilities, increased experience, and increased costs of doing business. Accordingly, Kieckhafer requests that the aforementioned rates be revised to the hourly rates that will be in effect from time to time. Changes in regular hourly rates will be noted on the invoices for the first time period in which the revised rates became effective.

16. Except as otherwise set forth in the Engagement Letter, the professional fees charged for Tax Services are calculated from the actual hours expended in providing the services multiplied by the hourly billing rates for the specific personnel involved. In addition, reasonable expenses, including travel, report production, delivery services, and other expenses incurred in providing the services, will be included in the total amount billed.

17. All payments rendered pursuant to Kieckhafer's retention by the Debtors must be approved by an Order of this Court and based upon the filing by Kieckhafer of appropriate interim and final applications for allowance of compensation and reimbursement of expenses.

18. Kieckhafer has received no promises regarding compensation in these chapter 11 cases other than in accordance with the Bankruptcy Code and as set forth in this Declaration. Kieckhafer has no agreement with any nonaffiliated entity to share any compensation earned in these Chapter 11 cases.

19. I declare under penalty of perjury that the foregoing is true to the best of my knowledge, information and belief.

Dated: January _3_, 2011

Declarant: Clark Dunn
Title: Partner
Kieckhafer, Schiffer & Company, LLP