# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CONSOLIDATED HORTICULTURE GROUP LLC, *et al.*,[1] | ) ) ) | Case No. 10-13308 (CSS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**ORDER PURSUANT TO 11 U.S.C. § 327(A) AND FED. R. BANKR. P. 2014(A) AND 2016 AUTHORIZING THE EMPLOYMENT AND RETENTION OF KIECKHAFER, SCHIFFER & COMPANY, LLP AS TAX ADVISORS AND ACCOUNTANTS TO THE DEBTORS**

Upon consideration of the application (the "Application")[2] of the above captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order authorizing the Debtors to employ and retain Kieckhafer, Schiffer & Company, LLP ("Kieckhafer") as tax advisors and accountants to the Debtors, and upon the *Declaration of Clark Dunn in Support of the Debtors' Application for Entry of an Order Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a), and 2016 Authorizing the Employment and Retention of Kieckhafer, Schiffer & Company, LLP as Tax Advisors and Accountants to the Debtors* (the "Dunn Declaration"); and the Court being satisfied, based on the representations made in the Application and Dunn Declaration, that Kieckhafer represents no interest adverse to the Debtors' estates with respect to the matters upon which they are to be engaged, that Kieckhafer is a "disinterested person" as that term is defined under section 104(14) of title 11 of the United States Code (as amended, the

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: Consolidated Horticulture Group LLC (2698); New Hines Parent Company LLC (9355); Hines Nurseries LLC (2567). The location of the Debtors' headquarters and the service address for the Debtors is: 12621 Jeffrey Road, Irvine, California 92620.

[2] Capitalized terms not defined herein shall have the same meaning as in the Application.

"Bankruptcy Code"), as modified by section 1107(b) of the Bankruptcy Code, and that the employment of Kieckhafer is necessary and would be in the best interests of the Debtors, their creditors and the Debtors' estates; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. §157(b); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Application is granted; and it is further

ORDERED that the Debtors are authorized to employ and retain Kieckhafer as tax advisors and accountants on the terms set forth in the Application and Engagement Letter; and it is further

ORDERED that notwithstanding the limitation of liability provision or provisions in the Engagement Letter or any agreements incorporated by reference therein, the Engagement Letter shall be modified as follows: the limitation of liability provision or provisions shall not apply to any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Kieckhafer's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of Kieckhafer's contractual obligations unless the Court determines that a limitation of liability would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which Kieckhafer should not

receive a limitation of liability under the terms of the Engagement Letter as modified by this Order; and it is further

ORDERED, that notwithstanding the arbitration provision or provisions in the Engagement Letter or any agreements incorporated by reference therein, the Engagement Letter shall be modified to delete such provision or provisions from the Engagement Letter; and it is further

ORDERED that Kieckhafer shall be compensated for services provided and reimbursed for expenses incurred in accordance with the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and orders of this Court, including without limitation, the *Administrative Order Establishing Procedures fro Interim Compensation Pursuant to Section 331 of the Bankruptcy Code* [Docket No. 94]; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2011

Christopher S. Sontchi
United States Bankruptcy Judge