# **EXHIBIT C**



2856 Rancho Ganadero
Carlsbad, CA 92009

619.884.5124

6201 Oak Canyon Drive
Suite 200
Irvine, CA 92618

949.250.3900

1750 NW Naito Parkway
Suite 113
Portland, OR 97209

503.963.4720

Kieckhafer Schiffer & Company LLP
CERTIFIED PUBLIC ACCOUNTANTS

December 9, 2010

Mr. Sandeep Gupta, Chief Restructuring Officer
Consolidated Horticulture Group, LLC
12621 Jeffrey Road
Irvine, CA 92620

Dear Mr. Gupta:

This letter constitutes a Master Services Agreement ("Agreement") between Kieckhafer, Schiffer & Company LLP ("KS&Co") and Consolidated Horticulture Group, LLC & Affiliates ("the Company"), for the provision of accounting and tax services for the Company's year ending December 31, 2010 and subsequent years until either the Company or KS&Co provides written notification of the termination of this Agreement. The Company shall, from time to time, identify accounting and tax services that the Company desires to be performed by KS&Co and will authorize the performance of such services on a project-by-project basis. All such services will be governed by all of the terms and conditions of this Agreement, including the Supplemental Terms and Conditions attached to this letter, in the absence of any written agreement to the contrary, and will be described in a separate Project Addendum (as hereinafter described) for each project, the terms of which shall be agreed to by the Company and KS&Co. Each Project Addendum shall incorporate by reference, and shall be deemed a part of this Agreement. A Project Addendum may be modified by a writing agreed to by the parties should the scope or terms of a project change. All services provided to the Company pursuant to this Agreement must be described in a Project Addendum.

Each Project Addendum shall be executed by an authorized representative of KS&Co and the Company. Except as may be expressly provided in this Agreement, nothing contained herein shall constitute a commitment of either party to enter any particular Project Addendum. In the event of any inconsistency between this Agreement and any Project Addendum, the terms of this Agreement shall control unless the Project Addendum contains an express statement that the specific terms in the Project Addendum shall control

KS&Co's services will not result in an attestation or assurance report or constitute (a) an audit of financial statements in accordance with generally accepted auditing standards, (b) an examination of prospective financial statements in accordance with standards established by the American Institute of Certified Public Accountants or (c) advice or documentation relating to the

effectiveness of internal controls over financial reporting under Section 404 of the Sarbanes-Oxley Act.

The Company confirms that it will furnish KS&Co with all the information required for the delivery of the agreed upon services. KS&Co will not audit or verify the accuracy of the data provided, although KS&Co may ask the Company to clarify it, or request additional data.

The Company shall have full responsibility for all decisions on all accounting and tax matters, procedures, internal controls, as well as decisions with respect to the appropriate application of U.S. GAAP. The Company will designate the appropriate individuals to be responsible for the Company's accounting and tax functions. The Company shall maintain all books and records with respect to accounting, taxes, and other matters.

KS&Co, in its sole professional judgment, reserves the right to refuse to do any procedure or take any action that could be construed as making management decisions or performing management functions.

The Company is responsible for the safeguarding of assets, the proper recording of transactions in the books of accounts, the substantial accuracy of the financial records, and the full and accurate disclosure of all relevant facts affecting the services we provide.

Certain communications involving tax advice between the Company and KS&Co may be privileged and not subject to disclosure to the Internal Revenue Service. By disclosing the contents of those communications to anyone, or by turning over information about those communications to the government, the Company may be waiving this privilege. Should the need arise and unless KS&Co is notified in writing to the contrary, the Company agrees to indemnify KS&Co for any attorneys' fees and other costs incurred by KS&Co in defending this confidential communications privilege on the Company's behalf.

During the course of the engagement, KS&Co may communicate with the Company or third parties via fax or e-mail. The Company should be aware that communication in those mediums contains a risk of misdirected or intercepted communications.

CPAs, like all providers of financial services, are now required by law to inform their clients of their policies regarding privacy of client information. CPAs have been and continue to be bound by professional standards of confidentiality that are even more stringent than those required by law. Therefore, KS&Co has always protected the Company's right to privacy.

KS&Co collects nonpublic information about the Company that the Company provides to KS&Co or obtained by KS&Co with its authorization. For current and former clients, KS&Co does not disclose any nonpublic information obtained in the course of KS&Co's practice except as required or permitted by law. Permitted disclosures include, for instance, providing information to KS&Co employees. However, during the course of KS&Co's services, KS&Co may use independent CPAs and non-CPAs whose work product is under our direct supervision, to assist us in providing services to the Company. In all such situations, we stress the confidential nature of information being shared.

KS&Co retains records relating to professional services that KS&Co provides so that KS&Co is better able to assist the Company with its professional needs and, in some cases, to comply with professional guidelines. In order to guard the Company's nonpublic information, KS&Co maintains physical, electronic, and procedural safeguards that comply with professional standards. See Appendix A for KS&Co's policy regarding record retention.

KS&Co's fees and terms of payment for specific projects will be outlined in each Project Addendum. These fees will assume that appropriate information and assistance will be provided by the Company's personnel and that the scope and complexity of the project will be consistent with prior discussions between KS&Co and the Company.

Interest will be charged at 10% per annum on all receivables outstanding greater than 60 days from the date of the invoice.

Additionally, the Company agrees that it recognizes that individuals providing service under this agreement are employees of KS&Co. It is not the intent of the Company to offer employment to such individuals. In the event that the Company violates this provision, a finder's fee of 30% of initial annual salary offered to the individual by the Company shall be due and payable to KS&Co. This 30% finder's fee provision will apply if the Company hires the individual either during the period of this agreement or within the immediate subsequent 6-month period following the conclusion of this agreement.

If any dispute arises between the Company and KS&Co, the Company and KS&Co mutually agree first to try in good faith to settle the dispute by mediation administered by an association such as the American Arbitration Association under its Commercial Mediation Rules before arbitration. All disputes that are unresolved after mediation shall be settled by binding arbitration in accordance with the Commercial Arbitration Rules of an association such as the American Arbitration Association, and judgment upon the award rendered by the

arbitrator(s) may be entered in any court having jurisdiction thereof. All parties shall share costs of any mediation and/or arbitration proceedings equally.

KS&Co will not be liable for any claim for damages arising out of or in connection with any services provided in an amount greater than the amount of fees actually paid to KS&Co with respect to the services directly relating to and forming the basis of such claim.

This Agreement, together with all attachments hereto and any Project Addenda executed hereunder, constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes all agreements and understandings between the parties with respect to the subject matter hereof made prior to the date hereof. There are no representations, warranties, understandings or agreements relating to the subject matter hereof which are not fully expressed in this Agreement. No amendment, modification, waiver, or discharge of this Agreement shall be valid unless in writing and signed by an authorized representative of the party against whom such amendment, modification, waiver, or discharge is sought to be enforced. Except as expressly provided herein, this Agreement does not modify the terms or provisions of any engagement letter or agreement for other professional services executed prior to the date noted below.

In the event that the Company terminates this Agreement after work is commenced on any Project Addendum, but before it is completed, this Agreement shall be considered to apply through the completion of such Project Addendum; provided, however, that if the Company directs KS&Co to terminate its efforts, KS&Co shall be compensated for its work through the date of such termination at its standard hourly fees, plus expenses.

If any portion of this letter is held to be void, invalid, or otherwise unenforceable, in whole or part, the remaining portions of this letter shall remain in effect.

KS&Co appreciates the opportunity to be of service to the Company and believes this letter accurately summarizes the significant terms of the engagement. If the Company has any questions, please let us know. For the Company's convenience, KS&Co has enclosed a copy of this letter that may be signed and returned to KS&Co signifying the acceptance of the terms outlined above.

Sincerely,

KIECKHAFER, SCHIFFER & COMPANY LLP

By: *[signature]*
Clark R. Dunn

Acknowledged and agreed to by Consolidated Horticulture Group, LLC

By:

_____    _____

Mr. Sandeep Gupta                 Date
CRO

# Appendix A

Record Retention / Destruction Policy

The cost of storage space, as well as the administrative costs involved in retaining working papers, copies of tax returns, financial statements, and various other documents can be significant. As a result, it is the policy of Kieckhafer, Schiffer & Company LLP to retain these documents for a period of time but not indefinitely. KS&Co's record retention policy adequately addresses both legal requirements and the needs of KS&Co's clients. Special consideration is given to carefully consider the impact records will have on the Company and on KS&Co in the event of a lawsuit, sale of a business, IRS audits, or other contingencies.

The working papers and files of KS&Co are not a substitute for the Company's original records. Catastrophic events such as fire or earthquake may shorten the time during which our records will be available.

While it is not possible to establish or list our record retention policy for all types of records, following is a general guideline of KS&Co's record retention policy:

| Type of Document | Period of Time |
| --- | --- |
| Tax returns and accompanying work papers | 7 years |
| Research reports, IRS audits and other special Items. | 7 years |
| Audited or reviewed financial statements | 7 years |
| Audit or review work papers | 7 years |
| Compiled financial statements and accompanying work papers | 7 years |
| Correspondence and other files | 7 years |

**Original Records**
KS&Co will return all original records as soon as possible after completion of the engagement. It is not KS&Co's policy to keep original records.

**Copies of Documents**
At the end of each engagement, it is KS&Co's policy to provide clients with copies of tax returns and financial statements prepared by KS&Co, in either paper or digital format. KS&Co may also provide the Company with additional copies of tax returns and financial statements upon reasonable request. KS&Co reserves the right to charge a fee for accessing and

preparing requested documents.

**Notification**
It is not KS&Co's policy to notify clients prior to destroying records pursuant to KS&Co's record retention policy. Should the Company desire copies of records that the Company believes are in KS&Co's possession, it is the Company's responsibility to submit a written request for such records prior to the expiration of our record retention period.

**Destruction**
Documents will be destroyed in a manner required by legislation and professional standards to uphold the confidentiality and security of nonpublic personal information.

KS&Co

Kieckhafer Schiffer & Company LLP
CERTIFIED PUBLIC ACCOUNTANTS

2856 Rancho Ganadero
Carlsbad, CA 92009
619.884.5124

6201 Oak Canyon Drive
Suite 200
Irvine, CA 92618
949.250.3900

1750 NW Naito Parkway
Suite 113
Portland, OR 97209
503.963.4720

Consolidated Horticulture Group, LLC
Project Addendum to Master Services Agreement
Preparation of Income Tax Returns for the Year Ended December 31, 2010 and
General Advisory Services
December 23, 2010

This Project Addendum ("Addendum") to the Master Services Agreement ("Agreement") dated December 9, 2010, between Kieckhafer, Schiffer & Company LLP ("KS&Co") and Consolidated Horticulture Group, LLC & Affiliates ("the Company"), incorporates and is deemed to be a part of the Agreement. Accordingly, unless expressly stated to the contrary herein, all of the terms and conditions contained in the Agreement govern this Addendum.

This Addendum confirms our engagement for the preparation of the federal and state income tax returns for the year ended December 31, 2010.

This Addendum also confirms our engagement to provide to the Company routine advice and assistance concerning issues as requested by the Company's management.

I. SCOPE OF COMPLIANCE SERVICES

KS&Co will provide the following services (the "Compliance Services") under this Addendum:

KS&Co will prepare the federal and state income tax returns for the year ended December 31, 2010.

The Company confirms that it will furnish us with all the information required to prepare the income tax returns. The Company understands that KS&Co is not responsible for IRS disallowance of doubtful deductions or deductions unsupported by adequate documentation or for resulting taxes, interest, or penalties. The data submitted will not be audited, except as provided under a separate engagement letter, or verified, although clarification or additional data may be requested.

KS&Co will use professional judgment in preparing the returns. Whenever a possible applicable tax law is unclear or that there are conflicting interpretations of the law by authorities (e.g., tax agencies and courts) KS&Co will explain the possible positions that may be taken on the returns. KS&Co will follow whatever position is requested by the Company on the return so long as it is consistent with the codes, regulations, and interpretations that have been promulgated. If

the Internal Revenue Service should later contest the position taken, there may be an assessment of additional tax plus interest and penalties. KS&Co assumes no liability for any such additional tax, interest, or penalties.

KS&Co is responsible for preparing only the returns listed above and will be pleased to assist in the preparation of any other state or local return deemed necessary. If the Company requests that these additional services be provided, the scope and fees of such additional services will be agreed upon and will then become subject to the terms and conditions of this letter.

The tax preparation fee does not include responding to tax notices or representation at a tax examination. However, in either of these events, we will represent the Company and bill for such services at our standard rates for the nature of the services performed.

The tax preparation fee does not include (1) an analysis pursuant to Internal Revenue Code Section 382 related to limitation of net operating loss carry forwards and certain built-in losses following ownership change and (2) the analysis and documentation related to the Federal and California research tax credit. We advise that such analyses be completed before benefit of such attributes is claimed on future tax returns.

## II. SCOPE OF CONSULTING SERVICES

KS&Co will also provide the following services (the "Consulting Services") under this Addendum:

Provide assistance to the Company's management with routine small projects when such projects are not covered in a separate addendum to this Agreement.

Such projects may include assistance with tax issues, assistance with transactional issues, or assisting the Company in connection with its dealings with tax authorities.

Specific tasks that may be involved in connection with the Services include participation in meetings and telephone calls with Company personnel, participation in meetings and telephone calls with taxing authorities or other third parties, review of transactional documentation, research of technical issues, and the preparation of technical memoranda, letters, e-mails, and other written documentation.

KS&Co will use professional judgment in providing the Services. Whenever a possible applicable tax law is unclear or that there are conflicting interpretations of the law by authorities (e.g., tax agencies and courts) KS&Co will explain the possible positions that may be taken on the returns. KS&Co will follow whatever position requested by the Company on the return so long as it is consistent with

the codes, regulations, and interpretations that have been promulgated. If the Internal Review Service should later contest the position taken, there may be an assessment of additional tax plus interest and penalties. KS&Co assumes no liability for any such additional tax, interest, or penalties.

## III. OUT-OF-SCOPE SERVICES

Any activities not described as Services or Consulting Services, as indicated above under Scope of Services, are not covered by the Fees stated herein. These services will be considered outside the scope of this Addendum ("Out-of-Scope Services") and are the responsibility of the Company to perform on a timely basis unless otherwise agreed by the parties in writing.

## IV. RESPONSIBILITIES

The Company agrees to perform the following functions in connection with KS&Co's provision of services:

- Make all management decisions and perform all management functions, including determining account codings and approving all proposed journal entries; and
- Assign a competent employee to oversee the accounting services and evaluate the adequacy and results of the services; and
- Accept responsibility for the results of the services; and
- Establish and maintain internal controls over the related Company processes; and
- Maintain all books and records necessary to support the Company's financial statements.

KS&Co, in its sole professional judgment, reserves the right to refuse to do any procedure or take any action that could be construed as making management decisions or performing management functions, including determining account codings and approving journal entries. KS&Co will not perform management functions or make management decisions on behalf of the Company. However, we may provide advice and recommendations to assist management of the Company in performing its functions and making decisions.

KS&Co will perform the Services in accordance with applicable professional standards, including the Statements on Standards for Tax Services issued by the American Institute of Certified Public Accountants.

## V. FEE

The fee for performing the above referenced Compliance Services is based upon time incurred and billed at our standard hourly rates.

Consolidated Horticulture Group, LLC & Affiliates  December 23, 2010
Preparation of Income Tax Returns and
General Advisory Services

The estimated fees for the preparation of the tax returns for the year ended December 31, 2010 is as follows:

| | |
|---|---:|
| Consolidated Horticulture Group, LLC | $40,000 |
| Hines Nurseries LLC | $3,750 |
| Winters Forest Grove Parent LLC | $3,750 |
| Winters Forest Grove LLC | $250 |
| New Blooming Farm LLC | $1,150 |
| Blooming Farm, Inc. | $1,400 |
| BD Bordiers Holdco | Per diem |

The estimated fee assumes that appropriate information and assistance will be provided by Company personnel on a complete and timely basis, and that the scope and complexity of this engagement is consistent with our prior discussions. If, during the course of this engagement, it becomes apparent that the fee will exceed this estimate, we will discuss with the Company the adjustments to be made to our fee arrangement.

The fee for performing the above referenced Tax Compliance and Consulting Services is based upon time incurred and billed at our standard hourly rates. The current standard hourly rates are as follows (subject to periodic rate adjustments):

| | |
|---|---|
| Partner | $ 330 – 410 |
| Manager | $ 210 – 255 |
| Senior | $ 140 – 185 |
| Staff | $  75 – 135 |

These rates may vary according to the degree of responsibility involved and the experience level of the personnel assigned.

In addition, the Company shall reimburse KS&Co for travel and other direct expenses incurred in connection with the performance of the Services. Direct expenses include reasonable and customary out-of-pocket expenses for items such as travel, meals, accommodations, and other expenses specifically related to this engagement.

KS&Co shall bill the Company for its fees and expenses incurred under this Addendum, if any, on a monthly basis. Invoices are payable on presentation. Interest will be charged at 10% per annum on all receivables outstanding greater than 60 days from the date of the invoice.

## VI. OTHER TERMS AND CONDITIONS

We consider all nonpublic information about our clients to be confidential. This includes personal and financial information provided by you or by others, as well as information we generate on your behalf. It is our policy not to disclose client information to nonaffiliated third parties or affiliates, except as required by law, without client consent. KS&Co personnel and contractors working under the firm's supervision must observe the firm's policies concerning confidential client information, and we employ security systems designed to protect against unauthorized access and use of confidential information.

Except as expressly provided herein, this Addendum does not modify the terms or provisions of the Agreement or any engagement letter for other professional services that were agreed to prior to the date noted below.

If any portion of this Addendum is held to be void, invalid, or otherwise unenforceable, in whole or part, the remaining portions of this Addendum shall remain in effect.

If this Addendum is acceptable, please sign one copy of this Addendum and return it to KS&Co.

Sincerely,

KIECKHAFER, SCHIFFER & COMPANY LLP

By: *[signature]*
Clark R. Dunn


Acknowledged and agreed to by Consolidated Horticulture Group, LLC.

By:

_____     _____
Mr. Sandeep Gupta                                Date
CRO