IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CONSOLIDATED HORTICULTURE | ) | Case No. 10-13308 (CSS) |
| GROUP LLC, et al.,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: January 18, 2011 at 4:00 p.m. (prevailing Eastern time)**
**Hearing: January 25, 2011 at 2:00 p.m. (prevailing Eastern time)**

## MOTION FOR ORDER EXTENDING DEADLINE TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO SECTION 365(d)(4) OF BANKRUPTCY CODE

Consolidated Horticulture Group, et al., the debtors and debtors in possession in the above captioned case ( the "Debtors") hereby file this motion (the "Motion") to request the entry of an order, pursuant to section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code"), extending the time period for the Debtors to assume or reject any of the leases under which the Debtors are the lessee that may be considered unexpired leases of nonresidential real property (the "Unexpired Leases"), through and including May 10, 2011. In support of this Motion, the Debtors respectfully represent as follows:

### Status of the Case and Jurisdiction

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's federal tax identification numbers are: Consolidated Horticulture Group LLC (2698); New Hines Parent Company LLC (9355); Hines Nurseries LLC (2567). The location of the Debtors' headquarters and the service address for the Debtors is: 12621 Jeffrey Road, Irvine, California 92620.

2. Venue of these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 365 of the Bankruptcy Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

4. On October 12, 2010 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

5. The Debtors operate one of the largest commercial nursery operations in North America, producing and distributing one of the broadest assortments of ornamental shrubs, color plants and container-grown plants in the industry. The Debtors produce approximately 5,100 varieties of ornamental shrubs, color plants, and container-grown plants grown primarily for outdoor use, most of which are sold under the Hines Nurseries trade name. The Debtors operate eight nurseries located in Arizona, California, Oregon and Texas. The Debtors sell their green goods to more than 1,180 retail and commercial customers, representing more than 6,670 outlets throughout the United States, including premium local and regional garden centers, as well as leading national home centers and retailers, such as The Home Depot, Lowe's and Wal-Mart.

6. The factual background relating to the Debtors' commencement of these chapter 11 cases is set forth in detail in the *Declaration of Steven Thigpen, President and Chief Executive Officer of the Debtors in Support of First Day Motions* (the "Thigpen Declaration") filed on the Petition Date and incorporated herein by reference.

## Relief Requested

7. The Debtors seek an order extending the time for the Debtors to assume, assume and assign, or reject the Unexpired Leases through and including May 10, 2011.

8. Absent a further order from the Court, the Debtors would be required to assume, assume and assign, or reject the Unexpired Leases by no later than February 9, 2011, which is the deadline established under section 365(d)(4) of the Bankruptcy Code.

9. To the best of the Debtors' knowledge, information and belief, the Debtors have timely performed all of their postpetition obligations under the Unexpired Leases as required by section 365(d)(3) of the Bankruptcy Code.

## Argument

10. Section 365(d)(4) of the Bankruptcy Code grants the Court substantial discretion to extend the time for the Debtors to assume, assume and assign, or reject the Unexpired Leases for "cause."[2] In construing the legislative history, the bankruptcy court in In re Unit Portions of Delaware, Inc., 53 B.R. 83 (Bankr. E.D.N.Y. 1985), concluded:

---

[2] Section 365(d)(4) provides:
    (A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtors are the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of -
        (i) the date that is 120 days after the date of the order for relief; or
        (ii) the date of the entry of an order confirming a plan.

3

> Congress recognized that there might be times when it is not possible for the trustee to make a careful and informed assessment of the benefits and burdens of the lease within this 60-day period. Accordingly, it empowered the court to grant a trustee who demonstrates cause for an extension additional time to make this assessment.

Id. at 85.

11. Many courts have discussed what constitutes sufficient cause to extend the time period within which a debtors may assume, assume and assign, or reject an unexpired nonresidential lease. In <u>In re Wedtech Corp.</u>, 72 B.R. 464 (Bankr. S.D.N.Y. 1987), the Court cited the following factors, among others, to determine whether "cause" existed:

> a. where the lease is an important asset of the estate, such that the decision to assume or reject it would be central to any plan;
>
> b. where the debtors has had insufficient time to intelligently appraise its financial situation and the potential value of the lease in terms of a potential plan; and
>
> c. the existence of any other facts indicating the lack of reasonable time to decide whether to assume or assign a lease.

Id. at 471-72. See also <u>In re Channel House Centers, Inc.</u>, 989 F.2d 682, 689 (3d Cir. 1993) ("[N]othing prevents a bankruptcy court from granting an extension because a particular debtors needs additional time to determine whether the assumption or rejection of particular leases called for by the plan of reorganization that it is attempting to develop."), <u>cert. denied</u>, 114 S.Ct. 184

---

(B) (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.
    (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.
11 U.S.C. § 365(d)(4).
  To date, there are no reported case regarding the revisions to section 365(d)(4). Since the revisions to section 365(d)(4) did not include a definition of the term "cause" it is appropriate to look to the Court's interpretation of the term "cause" prior to the enactment of the *Bankruptcy Abuse Prevention and Consumer Protection Act of 2005*.

4

(1993). In enacting section 365(d)(4), Congress clearly recognized "that is some case [the time period provided in section 365(d)(4)] will not be enough time for bankruptcy lessees to decide whether to assume or reject leases. In those circumstances, upon adequate demonstration of cause, bankruptcy courts may grant lessees extensions of time in which to assume or reject." In re Am. Healthcare Mgmt., Inc., 900 F.2d 827, 830 (5th Cir. 1990); see also In re Musikahn Corp., 57 B.R. 938, 942 (Bankr. E.D.N.Y. 1986).

12. Cause under the Wedtech factors exists in the Debtors' case. The Debtors are currently evaluating whether to assume, assume and assign, or reject its Unexpired Leases in an effort to maximize their potential value for the Debtors' estate.

13. The Debtors have determined in their business judgment that a sale process incorporating substantially all of their assets will maximize the value of their assets and businesses for the benefit of their estates and creditors.

14. On December 7, 2010, the Debtors filed the *Debtors' Motion for Order (A) Approving Bidding Procedures For the Sale of the Debtors' Assets; (B) Scheduling An Auction and Hearing To Consider the Sale and Approve the Form and Manner of Notice Related Thereto; (C) Establishing Procedures Relating to the Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts; and (D) Granting Other Related Relief* (the "Bidding Procedures Motion") [Docket No. 157] and the *Debtors' Motion for an Order (A) Approving Asset Purchase Agreement and Authorizing the Sale of Assets Outside the Ordinary Course of Business, (B) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests Pursuant to Sections 363(b), (f) and (m) of the Bankruptcy Code;*

*(C) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (D) Granting Related Relief* (the "Sale Motion") [Docket No. 159].

15. On December 17, 2010, the Court entered an order (the "Bidding Procedures Order") granting the Bidding Procedures Motion and approving the bidding procedures annexed hereto (the "Bidding Procedures") to be used in connection with the auction (the "Auction") of the Debtors' assets (the "Assets"). Pursuant to the Bidding Procedures, the Bankruptcy Court has scheduled a hearing for February 28, 2011, at 11:00 a.m. (Eastern Time) (the "Sale Hearing") to consider approval of the winning bid(s) and confirm the results of the Auction as requested by the Sale Motion.

16. The Debtors' efforts since filing their petitions have been (1) stabilizing operations post petition and (2) preparing for the sales process. As a result the Debtors have not been able to evaluate each Unexpired Lease in order to determine potential value for the estate. Further, with sale process underway it is important that the Debtors take steps to preserve value, including that which may be found in the Unexpired Leases, until an appropriate evaluation can take place.

17. Moreover, the Debtors' requested extension of time to assume or reject the Unexpired Leases will not prejudice the landlords that are parties to the Unexpired Leases. Pending the Debtors' election to assume or reject the Unexpired Leases, the Debtors will perform all of their undisputed obligations arising from and after the Petition Date in a timely fashion to the extent required by section 365(d)(3) of the Bankruptcy Code, including the

6

payment of postpetition rent. The requested extension will not adversely affect the substantive rights of any of the landlords to the remaining Unexpired Leases.

18. Accordingly, the Debtors contend that the most appropriate course of action is to extend the deadline for making such determinations for an additional 90 days, through and including May 10, 2011, in order to complete the sale process and to continue to review the value of the Unexpired Leases.

19. Therefore, an extension of time is necessary to allow the Debtors to consider its options with respect to the Unexpired Leases.

## Notice

20. Notice of this Motion has been given to the following parties or to its counsel: (i) the Office of the United States Trustee; (ii) the Debtors' post-petition secured lenders; (iii) counsel to the Official Committee of Unsecured Creditors; (iv) the lessors of the Debtors' Unexpired Leases; and (v) parties who have requested notice pursuant to Fed.R.Bankr.P. 2002. Pursuant to Del. Bankr. LR 2002-1(e), the Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

21. No prior request for the particular relief sought in this Motion has been made to this or any other court in connection with these chapter 11 cases.

WHEREFORE, the Debtors respectfully request that the Court enter an order: (i) granting the Debtors an extension of time pursuant to 365(d)(4) of the Bankruptcy Code to assume or reject all Unexpired Leases through and including May 10, 2011, subject to and without prejudice to the right of the Debtors to seek further extension of time; and (ii) granting such other and further relief as the Court may deem proper.

Dated: January 7, 2011

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Joshua M. Fried (CA Bar No. 181541)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
email: ljones@pszjlaw.com
dbertenthal@pszjlaw.com
jfried@pszjlaw.com
tcairns@pszjlaw.com

and

JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, L.L.P.
R. Patrick Vance (pro hac vice pending)
Elizabeth J. Futrell (pro hac vice pending)
Erica N. Beck (pro hac vice pending)
Mark A. Mintz (pro hac vice pending)
201 St. Charles Avenue, Suite 5100
New Orleans, Louisiana 70170
Telephone: 504-582-8000
Fax: 504-582-8011

Counsel for Debtors and Debtors in Possession