IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CONSOLIDATED HORTICULTURE | ) | Case No. 10-13308 (CSS) |
| GROUP LLC, et al.,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Objection Deadline: January 18, 2011 at 4:00 p.m. (prevailing Eastern time)
Hearing: January 25, 2011 at 2:00 p.m. (prevailing Eastern time)

## DEBTORS' MOTION FOR ORDER EXTENDING THE PERIOD WITHIN WHICH DEBTORS MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027

The above-captioned Debtors and Debtors in possession (the "Debtors") hereby move this Court (the "Motion") for entry of an order extending the period within which the Debtors may remove actions pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure. In support of this Motion, the Debtors respectfully state as follows:

### Jurisdiction

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2)(A), (M) and (O). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's federal tax identification numbers are: Consolidated Horticulture Group LLC (2698); New Hines Parent Company LLC (9355); Hines Nurseries LLC (2567). The location of the Debtors' headquarters and the service address for the Debtors is: 12621 Jeffrey Road, Irvine, California 92620.

15341-001\DOCS_DE:166764.1

2. The statutory predicates for the relief requested herein 28 U.S.C. § 1452 ("Section 1452") and Rules 9027 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

3. On October 14, 2010 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

4. The Debtors operate one of the largest commercial nursery operations in North America, producing and distributing one of the broadest assortments of ornamental shrubs, color plants and container-grown plants in the industry. The Debtors produce approximately 5,100 varieties of ornamental shrubs, color plants, and container-grown plants grown primarily for outdoor use, most of which are sold under the Hines Nurseries trade name. The Debtors operate eight nurseries located in Arizona, California, Oregon and Texas. The Debtors sell their green goods to more than 1,180 retail and commercial customers, representing more than 6,670 outlets throughout the United States, including premium local and regional garden centers, as well as leading national home centers and retailers, such as The Home Depot, Lowe's and Wal-Mart.

5. The factual background relating to the Debtors' commencement of these chapter 11 cases is set forth in detail in the *Declaration of Steven Thigpen, President and Chief*

*Executive Officer of the Debtors in Support of First Day Motions* (the "Thigpen Declaration") filed on the Petition Date and incorporated herein by reference.

**Relief Requested**

6. By way of this Motion, the Debtors request the entry of an order, pursuant to Bankruptcy Rule 9006(b), further extending the time by which it may file notices of removal with respect to civil actions pending as of the Petition Date from the current January 10, 2011 deadline to, and including, June 30, 2011 (the "Pre-Petition Removal Deadline"). Furthermore, the Debtors request the entry of an order extending the time by which it may file notices of removal with respect to civil actions initiated after the Petition Date to the later of (i) June 30, 2011, and (ii) the time period specified in Bankruptcy Rule 9027(a)(3)(A) and (B) (i.e. the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action south to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons) (the "Post Petition Removal Deadline").

7. The Debtors request that the Pre-Petition Removal Deadline apply to all matters specified in Rule 9027(a)(2)(A), (B), (C) and that the Post Petition Removal Deadline apply to all matters specified in Rule 9027(a)(3) (collectively, the "Actions"). This Motion is without prejudice to the Debtors' right to seek further extensions of such removal deadlines.

3

## Basis for Relief

8. Section 1452 and Rule 9027 of the Bankruptcy Rules govern the removal of pending civil actions. Specifically, Section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Bankruptcy Rule 9027(a)(2) further provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed in the bankruptcy court only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

9. Bankruptcy Rule 9006(b) provides that the court may extend unexpired time periods, such as the Debtors' removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion ... with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order....

Fed. R. Bankr. P. 9006(b)(1).

15341-001\DOCS_DE:166764.1

10. The Debtors believe that it is prudent to seek an extension of the time period to file notices of removal in order to protect its right to remove the Actions. Since the Petition Date, the Debtors and their advisors have focused on activities central to the Debtors' chapter 11 cases including, among other things, stabilizing and maintaining day-to-day operations, preparing and filing the Debtors' schedules of assets and liabilities and statements of financial affairs, and continuing discussions with key stakeholders regarding the restructuring or sale of the Debtors' have been occupied with matters of immediate importance to their chapter 11 cases. Accordingly, the Debtors have not had concluded their review of the Actions to determine whether there are any that may need to be removed.

11. The extension of time for removing actions sought in this Motion will afford the Debtors the opportunity necessary to make fully-informed decisions concerning removal of any Action and will assure that the Debtors do not forfeit valuable rights under Section 1452. Further, the rights of the Debtors' adversaries will not be prejudiced by such an extension because any party to an Action that is removed may seek to have it remanded to the state court pursuant to 28 U.S.C. § 1452(b).

12. The Debtors submit that their request to extend the deadline for removing the Actions is reasonable and practical in light of the present posture of their bankruptcy cases. Accordingly, the Debtors respectfully submit that the relief sought is in the best interest of the Debtors and their estates and creditors.

## Notice

13. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: : (i) the Office of the United States Trustee; (ii) the Debtors' post-petition secured lenders; (iii) counsel to the Official Committee of Unsecured Creditors; and (iv) parties who have requested notice pursuant to Fed.R.Bankr.P. 2002. Pursuant to Del. Bankr. LR 2002-1(e), the Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

14. No prior request for the particular relief sought in this Motion has been made to this or any other court in connection with these chapter 11 cases.

WHEREFORE, the Debtors respectfully request that the Court enter the order, substantially in the form attached hereto, (a) extending the period within which the Debtors may remove actions initiated prior to the Petition Date through and including June 30, 2011; (b) extending the period within which the Debtors may remove actions initiated after the Petition Date to the later of June 30, 2011 and the time period specified in Bankruptcy Rule 9027(a)(3)(A) and (B); (c) granting such order without prejudice to the Debtors' right to seek

15341-001\DOCS_DE:166764.1

further extensions of the deadline; and (d) granting such other relief as the Court deems just and proper.

Dated: January 7, 2011

PACHULSKI STANG ZIEHL & JONES LLP

_____
Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Joshua M. Fried (CA Bar No. 181541)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
email: ljones@pszjlaw.com
dbertenthal@pszjlaw.com
jfried@pszjlaw.com
tcairns@pszjlaw.com

and

JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, L.L.P.
R. Patrick Vance (pro hac vice pending)
Elizabeth J. Futrell (pro hac vice pending)
Erica N. Beck (pro hac vice pending)
Mark A. Mintz (pro hac vice pending)
201 St. Charles Avenue, Suite 5100
New Orleans, Louisiana 70170
Telephone: 504-582-8000
Fax: 504-582-8011

Counsel for Debtors and Debtors in Possession