IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CONSOLIDATED HORTICULTURE GROUP ) | Case No. 10-13308 (CSS) |
| LLC, *et al.*,[1] ) | |
| ) | (Jointly Administered) |
| Debtor. ) | |

**AFFIDAVIT OF KRISTEN MCCARTHY IN SUPPORT OF THE
APPLICATION FOR ORDER AUTHORIZING RETENTION AND
EMPLOYMENT OF BDO USA, LLP AS AUDITORS FOR THE DEBTORS
AND DEBTORS IN POSSESSION AND STATEMENT PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(A) AND 327(A)
OF THE BANKRUPTCY CODE NUNC PRO TUNC TO OCTOBER 25, 2010**

Kristen McCarthy being duly sworn, deposes and says:

1. I am a partner of the firm of BDO USA, LLP ("BDO"), which has an office located at 3200 Bristol Street, Suite 400, Costa Mesa, CA 92626. I make this declaration in support of the *Application for Order Authorizing Retention and Employment of BDO USA, LLP as Auditors for the Debtors and Debtors in Possession Nunc Pro Tunc to October 25, 2010* (the "Application"). The above captioned debtors (the "Debtors") seek to retain BDO pursuant to the terms and conditions set forth in the Engagement Letter (as defined in the Application).

2. The statements set forth in this Affidavit are based upon my personal knowledge, upon information and belief, and upon client matter records kept in the ordinary course of business that were reviewed by me or other personnel of BDO or its affiliates.

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: Consolidated Horticulture Group LLC (2698); New Hines Parent Company LLC (9355); Hines Nurseries LLC (2567). The location of the Debtors' headquarters and the service address for the Debtors is: 12621 Jeffrey Road, Irvine, California 92620.

3. Except as set forth herein or as set forth on the attached Exhibit 1, to my knowledge based on reasonable inquiry, (1) BDO, and the partners, principals, and directors of BDO (the "BDO Partners/Directors") that are anticipated to provide the audit services, do not hold or represent any interest adverse to any of the Debtors with respect to the matters on which BDO is to be retained in these Chapter 11 cases, and (2) BDO and the BDO Partners/Directors have no relationship to any of the Debtors, any of the Debtors' significant creditors, other known parties-in-interest in these chapter 11 cases, or to the Debtors' attorneys that are known to be assisting the Debtors in these chapter 11 cases, except as described herein or as set forth herein.

4. From time to time, BDO and its affiliates may currently provide services to certain creditors of the Debtors and various other parties potentially adverse to the Debtors in matters unrelated to these chapter 11 cases.

5. As described below, BDO has undertaken a search to determine, and to disclose, whether it or its affiliates is or has been employed by or has other relationships with any of the Debtors or their affiliates, subsidiaries, directors or officers, or any of the Debtors' significant creditors, or other entities with significant relationships with the Debtors identified on a schedule provided to BDO. BDO and its affiliates have or may have provided professional services to, currently provide or may currently provide professional services to, and may in the future provide professional services in matters unrelated to these chapter 11 cases to certain of the Debtors' creditors, other parties-in-interest, or to attorneys and accountants that are known to us to be assisting the Debtors or various committees.

6. BDO provided prepetition audit services to the Debtors. BDO received $2,500 from the Debtors in the ninety days prior to October 12, 2010 (the "Petition Date"). As of the Petition Date, no amounts were due and owing from the Debtors to BDO in respect of services provided prior to such date.

7. To check upon and disclose possible relationships with parties-in-interest in these chapter 11 cases, BDO researched its client databases and performed reasonable due diligence to determine whether it or its affiliates had any relationships with any of the Debtors or their affiliates, subsidiaries, directors or officers, or any of the Debtors' significant creditors, equity security holders, professionals or other such entities with significant relationships with the Debtors. The identities of these parties in interest were provided to BDO by counsel to the Debtors.

8. Despite the efforts described above to identify and disclose BDO's connections with the parties-in-interest in these Chapter 11 cases, because BDO is unable to state with certainty that every client relationship or other connection has been disclosed. In this regard, if BDO discovers additional material information that it determines requires disclosure, it will file a supplemental disclosure promptly with the Court.

9. From this internal search, BDO has determined that certain relationships should be disclosed as follows.

    a. Monrovia Nursery Co. – Audit and tax services provided by BDO.

    b. Akerman, Senterfitt & Edison, P.A. – Litigation consulting services provided by BDO.

    c. The Irvine Company – Tax services provided by BDO.

d. M&M Sanitary, LLC ("M&M Sanitary") – Tax and audit services provided by BDO to a potential affiliate of M&M Sanitary.

e. US Bank – Agreed upon procedures performed by BDO.

f. The Hartford Companies – Tax and litigation consulting services provided by BDO to affiliates of the Hartford Companies.

g. Canon Financial Services, Inc. ("Canon Financial") – Litigation consulting services provided by BDO to an affiliate of Canon Financial.

h. CIT Technology Financial Service, Inc.("CIT") – Business consulting services provided by BDO to an affiliate of CIT.

i. Hitachi Data Systems Corp. ("Hitachi Data Systems") – Audit services provided by BDO to an affiliate of Hitachi Data Systems.

j. GE Capital, Inc. ("GE Capital") – Valuation, audit and litigation consulting services provided by BDO to affiliates of GE Capital.

k. American Messaging Service – Audit and tax services provided by BDO to affiliates of American Messaging Service.

l. Wal-Mart Stores, Inc. –Tax services provided by BDO.

m. Summit Plastic Co., Inc. Audit and tax services provided by BDO.

n. ADP, Inc. – Business consulting services provided by BDO.

10. Except as may be disclosed herein, to the best of my knowledge, BDO and the BDO Partners/Directors do not hold or represent any interest adverse to the Debtors, and I believe that BDO and the BDO Partners/Directors are "disinterested persons" as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code.

11. Subject to the terms of the Engagement Letter, BDO proposes to render, as may be requested by the Debtors and as may be agreed to by BDO, the following services:

a. Audit services, as the Debtors, their attorneys, or financial advisors may from time to time request.

12. BDO has significant qualifications and experience in performing the scope of work described above that is the subject of BDO's retention to provide post-petition services to the Debtors.

13. BDO intends to apply to the Court for allowance of compensation and reimbursement of expenses consistent with the terms of the Engagement Letter, the Application and this Affidavit, the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court of the District of Delaware, the United States Trustee Guidelines and the Orders of this Court.

14. Subject to the terms of the Engagement Letter, BDO will charge a blended hourly rate of $215 per hour in performing the aforementioned services.

15. In the normal course of business, BDO may revise the blended hourly rate set forth above to reflect changes in responsibilities, increased experience, and increased costs of doing business. Accordingly, BDO requests that the aforementioned blended hourly rate be revised to the blended hourly rate that will be in effect from time to time. Changes in the blended hourly rate will be noted on the invoices for the first time period in which the revised blended hourly rate becomes effective.

16. Except as otherwise set forth in the Engagement Letter, the professional fees charged for Audit Services are calculated from the actual hours expended in providing the services multiplied by the blended hourly billing rate. In addition, reasonable expenses,

including travel, report production, delivery services, and other expenses incurred in providing the services, will be included in the total amount billed.

17. All payments rendered pursuant to BDO's retention by the Debtors must be approved by an Order of this Court and based upon the filing by BDO of appropriate interim and final applications for allowance of compensation and reimbursement of expenses.

18. BDO has received no promises regarding compensation in these chapter 11 cases other than in accordance with the Bankruptcy Code and as set forth in this Affidavit.

19. BDO has no agreement with any nonaffiliated entity to share any compensation earned in these Chapter 11 cases.

20. I declare under penalty of perjury that the foregoing is true to the best of my knowledge, information and belief.

Dated: December 30, 2010

*Kristen McCarthy*
Declarant: Kristen McCarthy
Title: Partner, BDO USA, LLP