# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| **CONSOLIDATED HORTICULTURE GROUP LLC, et al.,**[1] | ) Case No. 10-13308 (CSS) |
| | ) |
| | ) (Jointly Administered) |
| Debtor. | ) |

Objection Deadline: **February 15, 2011 at 4:00 p.m.** (prevailing Eastern Time)
Hearing Date: **February 22, 2011 at 2:00 p.m.** (prevailing Eastern Time)

## MOTION FOR ORDER UNDER SECTION 363(b) OF THE BANKRUPTCY CODE AUTHORIZING ENTRY INTO LEASE FOR NONRESIDENTIAL REAL PROPERTY

Hines Nurseries, LLC ("Hines"), one of the debtors and debtors in possession in the above captioned cases (collectively, the "Debtors"), by and through its undersigned counsel, hereby files this motion (the "Motion") for entry of an order pursuant to sections 363(b) of title 11 of the United States Code (the "Bankruptcy Code") authorizing entry into a lease for nonresidential real property located at 22941 Mill Creek Drive, Laguna Hills, California (the "New Lease") substantially in the form annexed hereto as **Exhibit A**, effective February 1, 2011. In support of this Motion, the Debtors respectfully state as follows:

### Jurisdiction

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtors' federal tax identification numbers are: Consolidated Horticulture Group LLC (2698); New Hines Parent Company LLC (9355); Hines Nurseries LLC (2567). The location of the Debtors' headquarters and the service address for the Debtors is: 12621 Jeffrey Road, Irvine, California 92620.

2. Venue of these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 363(b) and 365 of the Bankruptcy Code, and Rules 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

4. On October 12, 2010 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases. On October 26, 2010, the Office of the United States Trustee formed an Official Committee of Unsecured Creditors and appointed three members thereto (the "Creditors Committee").

5. The Debtors operate one of the largest commercial nursery operations in North America, producing and distributing one of the broadest assortments of ornamental shrubs, color plants and container-grown plants in the industry. The Debtors sell their green goods to more than 800 retail and commercial customers, representing more than 3,400 outlets throughout the United States, including premium local and regional garden centers, as well as leading national home centers and retailers, such as The Home Depot, Lowe's and Wal-Mart.

6. As of the Petition Date, the Debtors employed approximately 825 full-time employees and 75 part-time employees. The Debtors' employee base fluctuates seasonally

15341-001\DOCS_SF:75612.4

2

from a low of approximately 850 to a high of approximately 1,200 employees during the activity-intensive preparation and selling season from February to June (excluding temporary workers). None of the Debtors' employees are represented by a labor union. Hourly, salaried and contract labor comprise nearly 41% of the Debtors' production costs as of July 31, 2010. The Debtors produce approximately 5,100 varieties of ornamental shrubs, color plants, and container-grown plants grown primarily for outdoor use, most of which are sold under the Hines Nurseries TM trade name. The Debtors operate eight nurseries located in Arizona, California, Oregon and Texas.

7. In 2009, the Debtors recorded net sales of approximately $123.5 million. In 2009, the Debtors reported approximately $173.8 million in total assets and approximately $64.4 million in total liabilities, including secured obligations under the Debtors' prepetition secured revolving and term credit facilities.

8. On December 7, 2010, the Debtors filed their *Motion for an Order (a) Approving Asset Purchase Agreement and Authorizing the Sale of Assets Outside the Ordinary Course of Business, (b) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests Pursuant to Sections 363(b), (f) and (m) of the Bankruptcy Code; (c) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (d) Granting Related Relief* (the "Sale Motion") and the Debtors' *Motion for Order (A) Approving Bidding Procedures for the Sale of the Debtors' Assets; (B) Scheduling an Auction and Hearing to Consider the Sale and Approve the Form and Manner of Notice Related Thereto; (C) Establishing Procedures Relating to the Assumption and Assignment of*

*Certain Contracts, Including Notice of Proposed Cure Amounts; and (D) Granting Other Related Relief* (the "Bidding Procedures Motion"). The Court entered an order granting the Bidding Procedures Motion on December 17, 2010 (the "Bidding Procedures Order") and scheduled a hearing to consider approval of the Sale Motion for February 28, 2011 at 11:00 am. Prevailing Eastern Time (the "Sale Hearing").

9. The proposed sale, under the Sale Motion (the "Sale"), shall be to the highest or best bidder or bidders (each a "Successful Bidder"), at the auction provided for in the Bidding Procedures Motion and the Bidding Procedures Order (the "Auction"), to take place on February 25, 2011 at 10:00 a.m. Prevailing Eastern Time, in accordance with the terms of the Bidding Procedures Order.

## Relief Requested

10. The Debtors have determined, in an exercise of business judgment, that entry into the New Lease is in the best interest of their estates.[2] The New Lease will provide the Debtors with a short-term six month lease at a substantially reduced rent than under the terms of the Current Lease. The New Lease will serve as the Debtors' new headquarters and will otherwise avoid binding the buyer(s) of the Debtors' assets pursuant to the Sale into a burdensome long-term lease, thereby maximizing the value of the Debtors' assets. The Debtors request authority to enter into the New Lease effective February 1, 2011.

---

[2] The Debtors' intend to file a motion to reject their current lease, effective as of February 28, 2011, for non-residential real property located at 12621 Jeffrey Road, Irvine, California 92620 pursuant to the terms of that certain *Amended and Restated Ground Lease*, dated September 1, 1996, as amended and modified (the "Current Lease").

## Entry Into the New Lease Is Supported by Sound Business Judgment

11.     Section 363(b)(1) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." Section 105(a) provides in relevant part that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Section 363(b) (1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b) (1). *See In re Ames Dept. Stores, Inc.*, 136 B.R. 357, 359 (Bankr. S.D.N.Y. 1992). To obtain court approval to use property under section 363(b) of the Bankruptcy Code, a debtor need only show a legitimate business justification for the proposed action. *See, e.g., Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991)); *Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (7th Cir. 1983) (same); *Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14, 19-20, (B.A.P. 9th Cir. 1988). A debtor's application of its sound business judgment in the use, sale, or lease of property is subject to great judicial deference. *See, e.g., In re Moore*, 110 B.R. 924 (Bankr. C.D. Cal. 1990); *In re Canyon Partnership*, 55 B.R. 520 (Bankr. S.D. Cal. 1985).

12.     Entry into the New Lease is supported by sound business judgment. The New Lease provides Hines with additional benefits that it does not have under the Current Lease. The Current Lease expires on December 31, 2012. The Current Lease provides approximately 20,000 square feet of rental space over the course of 3 separate buildings. The Current Lease

also provided the Debtors with 54 acres of excess growing space that are no longer necessary to grow horticultural goods in the operation of the Debtors' business.

13. Total rent under the term of the New Lease is approximately $80,000, approximately $58,000 less than under the Current Lease over a six month period and approximately $445,000 in rent that would otherwise be payable under the Current Lease through the expiration of its term on December 31, 2012. Finally, the Debtors have no use for the 54 acres of growing space for which they are currently paying rent under the Current Lease. Finally, entry into the New Lease will afford the buyers of the Debtors' assets greater flexibility in determining the future of the Debtors' headquarters, given the short duration of the New Lease, and will not lock the buyer into any long-term commitments or obligations that would otherwise have been associated with the assumption and assignment of the Current Lease.

14. The Debtors negotiated the New Lease at arms-length and in good faith. *See generally Ewell v. Diebert (In re Ewell)*, 958 F.2d 276, 280 (9th Cir. 1992); *Marin v. Coated Sales, Inc., (In re Coated Sales, Inc.)*, No. 89 Civ. 3704 (KMW), 1990 WL 212899 (S.D.N.Y. Dec. 13, 1990) (holding that to show lack of good faith, a party must demonstrate "fraud, collusion, or an attempt to take grossly unfair advantage of other bidders"); *see also In re Sassoon Jeans, Inc.*, 90 B.R. 608, 610 (S.D.N.Y. 1988) (quoting *In re Bel Air Assocs., Ltd.*, 706 F.2d 301, 305 (10th cir. 1983)); *In re Pisces Leasing Corp.*, 66 B.R. 671, 673 (E.D.N.Y. 1986) (examining the facts of each case, concentrating on the "integrity of [an actor's] conduct during the sale proceedings" (quoting *In re Rock Indus. Machinery Corp.*, 572 F.2d 1195, 1998 (7th Cir. 1978)).

15. For the foregoing reasons, the Debtors submit that the relief requested herein is appropriate and warranted under section 363 of the Bankruptcy Code.

A. **Relief Under Bankruptcy Rule 6004(h) Is Appropriate**

16. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property ... is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." The Debtor requests that any order approving the Sale (if and to the extent that Bankruptcy Rule 6004 is applicable thereto), be deemed effective immediately by providing that the 14-day stay under said rule is waived.

17. The purpose of Bankruptcy Rule 6004(h) is to provide sufficient time for an objecting party to appeal before an order can be implemented. *See* Advisory Committee Notes to Fed. R. Bankr. P. 6004(h). Although Bankruptcy Rule 6004(h) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the 14-day stay period, commentators suggest that the 14-day stay period should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to the procedure." 10 *Collier on Bankruptcy*, ¶ 6064.09 (L.King, 15th rev. ed.). Given that the Debtors will provide notice of the Motion in a manner that is reasonable under the circumstances, the Debtors submit that good cause exists for the Court to waive the 14-day stay period under Bankruptcy Rule 6004(h).

**Notice**

18. Notice of this motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee, (ii) the Debtors'

prepetition and postpetition secured lenders, (iii) counsel for the Creditors' Committee, and (iv) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, Hines respectfully requests that the Court enter an order approving entry into the New Lease and to grant such other relief as is just and proper.

Dated: January 31, 2011

PACHULSKI STANG ZIEHL & JONES LLP

_____
Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Joshua M. Fried (CA Bar No. 181541)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
email: ljones@pszjlaw.com
dbertenthal@pszjlaw.com
jfried@pszjlaw.com
tcairns@pszjlaw.com

and

JONES, WALKER, WAECHTER, POITEVENT,
CARRERE & DENEGRE, L.L.P.
R. Patrick Vance (pro hac vice pending)
Elizabeth J. Futrell (pro hac vice pending)
Erica N. Beck (pro hac vice pending)
Mark A. Mintz (pro hac vice pending)
201 St. Charles Avenue, Suite 5100
New Orleans, Louisiana 70170
Telephone: 504-582-8000
Fax: 504-582-8011

Counsel for Debtors and Debtors in Possession